# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2007

133854

ARIEL PEREZ, SR., Personal Representative
of the Estate of ARIEL E. PEREZ, JR.,
Deceased,
      Plaintiff-Appellant,

v

OAKLAND COUNTY and ROBERTA RICE,
      Defendants-Appellees,

and

DR. SARATH HEMACHANDRA,
      Defendant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133854
COA: 271406
Oakland CC: 2005-065925-NM

On order of the Court, the application for leave to appeal the March 27, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

The Court denies leave to appeal in yet another case of inmate suicide.[1] Once again, it declines to resolve the open question whether it is relevant to consider the foreseeability of such a suicide when determining proximate cause. In this case, a jail employee removed Mr. Perez from a suicide watch despite her knowledge that he had recently tried to kill himself while in the jail's custodial care. This Court should put to rest the question whether, in so doing, the employee committed gross negligence that was the proximate cause of the inmate's death.[2]

---

[1] See the recent order denying leave to appeal in *Cooper v Washtenaw Co*, 477 Mich 953 (2006).

[2] See *Robinson v Detroit*, 462 Mich 439, 462 (2000).

This Court has acknowledged that a custodial relationship is a special relationship that gives rise to a duty to protect an inmate from harm, including self-inflicted harm.[3] In an inmate-suicide case, is that duty not meaningless if the failure to protect the inmate from himself can never be the proximate cause of his death? This question should not remain unanswered.

---

[3] *Hickey v Zezulka* (*On Resubmission*), 439 Mich 408, 438 (1992).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2007

d1030

Clerk